CHIEF JUSTICE TURNAGE
specially concurring:
I specially concur in the majority opinion. I do so primarily because the case is being sent back for a new trial.
My concern is that, under the facts before this Court, I do not believe that the plaintiff is entitled to claim the theory of unjust enrichment.
As the majority opinion states, the defendants were forced to seek judicial intervention in order to establish their right to the easement *135 providing ingress and egress to their properties over the road that crosses the plaintiff Storms’ property. After defendants obtained a judgment establishing their easement, the husband of plaintiff Elsie S. Storms, without consultation with the defendants, proceeded on his own volition to repair or replace the bridge, which Storms used on a daily basis and which was used infrequently by defendants.
Storms, in my opinion, was a volunteer in the repair and replacement of the bridge and, as such, should not be entitled to make a claim of unjust enrichment. If this should become the accepted law of Montana, it would be an invitation for a wealthy individual to practice mischief and harassment upon neighbors less economically privileged by officiously making improvements on property and then claiming in a lawsuit that restitution for unjust enrichment should be paid by those neighbors.
A person who officiously confers a benefit upon another is not entitled to restitution therefor.
Restatement of Restitution, § 2 (1937). Also,
A person who, incidentally to the performance of his own duty or to the protection or improvement of his own things, has conferred a benefit upon another, is not thereby entitled to contribution.
Restatement of Restitution, § 106 (1937). The point was made that Storms herself used the bridge on a daily basis.
In Wendover Road Prop. Owners Ass’n. v. Kornicks (Ohio App. 1985), 502 N.E.2d 226, defendant sought review of a summary judgment against him on a complaint that he was unjustly enriched by road, sewer, and water improvements made by plaintiff property owners association. In reversing and granting final judgment to defendant, the Court of Appeals of Ohio stated:
The association made the improvements to benefit its participants and did so voluntarily. The defendant did not consent. Nor was there any mistake, emergency, or compulsion demonstrated.
[Defendant] refused to participate in the project. Nor can it be argued that the improvements amounted to a duty imposed by law.
Absent any agreement or statutory authority, we conclude that the association may not recover for improvements officiously made by the association.
Wendover, 502 N.E.2d at 231.
In Dinosaur Development, Inc. v. White (Cal.App. 1 Dist. 1989), 265 Cal.Rptr. 525, plaintiff’s plan for a subdivision was approved by local *136 government on the condition that plaintiff must construct a road from the nearest public thoroughfare to defendants’ adjacent land, which was otherwise landlocked. Plaintiff sought to recover from defendant adjacent landowners under a theory of unjust enrichment. The California Court of Appeals, First District, held:
If plaintiff complies with the ... condition for approval of the subdivision, defendants will benefit. But because the benefit will be incidental to plaintiff’s proposed development, it will not be unjust enrichment requiring defendants to make restitution.
Dinosaur, 265 Cal.Rptr. at 530. The court affirmed an order dismissing the complaint.
On retrial of this matter, the claim of unjust enrichment should be a major concern.